# IN THE COURT OF APPEALS OF IOWA

No. 19-1127
Filed May 13, 2020

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**KARL JERMAINE FLAGG,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

District Associate Judge.


        The State appeals the district court's suppression ruling.  **REVERSED AND**

**REMANDED.**



        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellant.

        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellee.



        Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

In this interlocutory appeal, the State challenges a district court order suppressing evidence of a traffic stop. The Iowa Supreme Court granted the State's application for discretionary review and transferred the case to this court. We find, as did the district court, the traffic stop was valid. The court's suppression of evidence as a sanction for erasure of a video by law enforcement was improper. We therefore reverse and remand for further proceedings.

## I. Background Facts & Proceedings

At approximately 2:00 a.m. on December 8, 2018, a police officer pulled Karl Flagg over for stopping his vehicle past the marked stop line.[1] The officer's vehicle was equipped with a dash-cam, and he wore a body camera. During the traffic stop, the officer discovered evidence of illegal substances. A discussion was held concerning Flagg's cooperation with the Drug Task Force. When Flagg expressed an interest in working with the task force, Flagg was not arrested.

Upon returning to the station at the end of his shift, the officer's body camera footage was automatically uploaded to a server, where it was preserved. The vehicle dash-cam video storage equipment was of an older vintage. It was loaded into the police department's video-footage system. The officer logged the controlled substances into evidence and turned them over for lab analysis on January 18, 2019. The officer received the report back on March 7.

---

[1] *See* Iowa Code § 321.322(1) (2018).

Because Flagg did not follow through with assisting the task force, the officer filed a criminal complaint against Flagg in late March. On April 18, Flagg was charged with two counts of possession of a controlled substance.

On June 10, Flagg filed a motion to suppress all evidence found during the traffic stop, claiming the stop constituted an illegal seizure. Flagg further claimed the State's failure to preserve the dash-cam video violated his due process rights by denying him potentially exculpatory evidence.

At the hearing on the motion to suppress, the officer testified as to the department's policy with regard to this older video system as follows:

> Q. Are you familiar with the length of time that the videos are preserved for each of the systems? A. I know for [the dash-cam system] it's [ninety] days.
> Q. Is that something that is manually done, as in the video is purged after [ninety] days, or is that something set up to do automatically? A. Automatically.
> Q. Is there some way to prevent that automatic deletion? A. If you were to request some sort of preservation for media.
> Q. And when there's a preservation of the media, then do they burn it to a CD? A. I believe so.
> Q. Who would make the request to preserve media? Are you able to do that? A. No.
> Q. In your experience who typically does when that happens? A. I believe the county attorneys might do that or—
> Q. You're not sure? A. Yeah, I'm not sure. I don't do it.

On cross-examination, the officer testified:

> Q. So you know how to get ahold of county attorneys; right? A. Yes.
> Q. So you'd know how to tell them if you had a case that had some evidence that needed to be preserved; right? A. Yes.
> Q. You also could tell your records department that you have evidence that needed to be preserved; right? A. Yes.
> Q. You made no efforts to preserve the car video in this case; is that correct? A. Correct.

The officer testified he stopped Flagg's vehicle because he "didn't stop before that stop sign line, and in fact his vehicle stopped quite a bit a ways past that line." Flagg testified he did stop before the stop sign line. The defense argued the dash-cam video might have provided exculpatory evidence, it might have established the officer was not credible. Defense counsel argued, "whether it's in bad faith or not, the bottom line is that evidence is not being preserved," and asked that the court employ a standard different from that enunciated by the United States Supreme Court in *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988), and adopted by the Iowa Supreme Court in *State v. Hulbert*, 481 N.W.2d 329, 334 (Iowa 1992).

The court found the officer had probable cause to believe Flagg had violated a traffic law and, therefore, conducted a valid traffic stop. The court declined to adopt a standard different than *Hulbert*, which requires a showing of bad faith on the part of police when they fail to preserve merely potentially useful evidence. 481 N.W.2d at 334.

The court specifically found that the dash-cam footage was "only potentially exculpatory." The court then further found the failure to preserve the video footage under the circumstances constituted bad faith and ruled all evidence would be suppressed.

The State appeals, claiming the video was not destroyed in bad faith and the proper remedy is not to suppress the physical evidence discovered during the traffic stop.

## II. Standard of Review

When a suppression ruling is based upon a finding of the deprivation of a constitutional right, we review the matter de novo. *See State v. Coffman*, 914 N.W.2d 240, 244 (Iowa 2018). We independently evaluate the totality of the circumstances as shown by the record. *Id.* We give deference to the district court's fact findings because of its opportunity to assess the credibility of the witnesses, but we are not bound by those findings. *State v. Crawford*, 659 N.W.2d 537, 541 (Iowa 2003).

## III. Analysis

"The intentional destruction of evidence, sometimes discussed as a form of obstruction of justice, is usually referred to as spoliation. When it is established, the fact finder may draw the inference that the evidence destroyed was unfavorable to the party responsible for its spoliation." *State v. Langlet*, 283 N.W.2d 330, 333 (Iowa 1979) (footnotes omitted). Here, there is no claim that the evidence was intentionally destroyed. Flagg only argued that the officer "didn't think to preserve the video evidence"—not that he intentionally destroyed it. The district court agreed, finding the officer did not intentionally destroy the video evidence or intentionally cause its destruction. Nonetheless, the district court concluded the officer acted in bad faith in failing to ensure the dash-cam video was preserved.

"To prove a due process violation based on destruction of evidence, the defendant must show (1) a proper defense request for the evidence; (2) that the evidence was material; and (3) that the evidence would have been significantly favorable to the defendant." *Hulbert*, 481 N.W.2d at 334. "Where the lost evidence

is only *potentially* exculpatory, where by its nature the lost evidence cannot be evaluated by a fact finder, a due process violation will not be found in the absence of a showing of bad faith." *State v. Craig*, 490 N.W.2d 795, 796–97 (Iowa 1992).

Here, the district court found that the lost evidence was only potentially exculpatory. "Failure of the State to preserve potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith." *State v. Atley*, 564 N.W.2d 817, 821 (Iowa 1997).[2]

In *State v. Dulaney*, 493 N.W.2d 787, 791 (Iowa 1992), our supreme court concluded there had been no due process violation where a lab destroyed a sample "pursuant to its usual procedure." On our de novo review of the evidence, we cannot find the routine destruction of the dash-cam video pursuant to department policy under these circumstances constituted bad faith.

The district court stated:

I think what determined—what is determinative here is that the officer kept the drugs for testing, but did not request that the body—or that the car camera should be preserved. I think that shows bad faith on the officer's part, because I think the officer knew all along this might not work out. The whole stop—the whole search was based on the stop, which was on the car cam. So I do think there was a bad faith action on the officer's part not to ask that that—to have the video, the car camera video, be preserved.

We disagree with the court's reasoning. Even if one accepts that the "officer knew this might not work out," this is a far cry from proving the officer acted in bad faith. The officer testified he did not have the ability to request the preservation of the

---

[2] Under some circumstances, the routine destruction of evidence can constitute bad faith—for example, when relevant video is deliberately withheld from defense counsel and investigators before the routine erasure. *State v. Hartsfield*, 681 N.W.2d 626, 632 (Iowa 2004).

video, and no evidence of the proper procedure to preserve the video was presented.

The defense argued the dash-cam video might have provided exculpatory evidence, it might have established the officer was not credible. In fact, the district court specifically found the officer's testimony was more credible than Flagg's with respect to the traffic violation:

> Now going back to the stop itself, I think the officer had probable cause to believe that the defendant violated a traffic law. I think of the two people that were paying attention to the defendant's driving that night, the officer was paying closer attention than the defendant. It's 2:00 in the morning. I think the officer was watching what cars were doing. He was on duty. That was his job to do that. On the other hand the defendant just is driving normally, and I think I'd have to give credibility to the officer's testimony that the stop was made past the stop line. So I don't find the stop to be bad.

We are unaware of any Iowa authority to allow the district court to suppress all the evidence from the stop after finding the officer credible and the traffic stop lawful. Under these circumstances, we conclude the district court erred in finding a due process violation occurred. Because the court found the stop was valid, the evidence discovered during that stop should not have been suppressed. We therefore reverse the suppression of the evidence and remand for further proceedings.

**REVERSED AND REMANDED.**